**E-filed 3/21/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ISIDRO G. RAMIREZ,

Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant.

Case No. C 03-04890 JF

ORDER[1] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING CASE FOR FURTHER PROCEEDINGS.

[Docket No. 10, 13]

Plaintiff Isidro G. Ramirez seeks reversal of a decision by the Commissioner of Social Security denying him disability insurance benefits under sections 216(i) and 223 of the Social Security Act. The challenged decision was rendered by Administrative Law Judge T. Patrick Hannon (the "ALJ") on July 18, 2003. The ALJ's decision became final on September 2, 2003, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the ALJ's decision. Plaintiff filed a motion for summary judgment on March 11, 2005. Defendant filed a cross-motion for summary judgment on May 9, 2005. Plaintiff did not file a reply. The matter was submitted without oral argument.

---

[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

Plaintiff, who was forty-four years old at the time of the hearing before the ALJ, allegedly has no formal education, does not read or write in Spanish or English, and has past relevant work experience as a strawberry picker. Plaintiff filed his application for disability insurance benefits on June 11, 2002, alleging an onset date of June 25, 2001 due to a back injury. The ALJ found that Plaintiff has not performed substantial gainful activity since June 25, 2001. The ALJ also found that Plaintiff suffered from a "severe" back disorder and non-severe depression. Nonetheless, Plaintiff was found "not disabled" under the Social Security Act. According to the ALJ, Plaintiff's impairments or combination of impairments do not meet or equal the criteria of impairments listed in Appendix 1 to subpart P of regulations No. 4 ("Listing"). The ALJ further found that Plaintiff's allegations of disabling pain were not credible. The ALJ determined that even though Plaintiff cannot return to his past relevant work as a strawberry picker, his residual functional capacity, age, education, and work experience enable him to perform a wide range of light exertional work.

## II. LEGAL STANDARDS

### A. Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also Drouin*, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d

498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada,* 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

**B. Standard for Determining Disability**

A person is "disabled" for purposes of receiving Social Security benefits if he or she is unable to engage in any substantial gainful activity due to a physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Drouin*, 966 F.2d at 1257. The Commissioner follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id.* If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments which significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are awarded. *Id.* If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity"[2] to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id.* The plaintiff has the burden of proving that he or she is unable to perform past relevant work.

---

[2]A claimant's residual functional capacity is what he or she can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

3

Case No. C 03-04890 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING CASE FOR FURTHER PROCEEDINGS.
(JFEX2)

*Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a *prima facie* case of disability is established. The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work; the determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R.§§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## III. DISCUSSION

Plaintiff asserts several challenges to the ALJ's decision. First, he argues that the ALJ failed to support his findings with substantial evidence that Plaintiff is capable of performing light work. Second, he argues that the ALJ erred in determining that Plaintiff's testimony was not credible. Third, he argues that the ALJ failed to develop a full and accurate record about Plaintiff's injuries because Plaintiff was unrepresented by a counsel.

Defendant argues that the ALJ properly considered Plaintiff's non-treating and treating physicians' opinions in determining Plaintiff's ability to perform light work; that the ALJ properly found Plaintiff not disabled; that the ALJ properly determined that Plaintiff's allegations of disabling pain are not credible; and that there is no ambiguous evidence that requires the ALJ to develop the record further.

### A. Plaintiff's Capacity to Perform Light Work

Plaintiff first asserts that the ALJ improperly relied upon a consulting physician's findings regarding Plaintiff's capacity to perform a wide range of light exertional work. Greater weight usually is given to the opinion of a treating physicians. *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). However, a treating physician's opinion is not always binding, and in the case of a conflict, the "ALJ must give specific, legitimate reasons" for disregarding a treating physician's opinion. *Id.* Here, Plaintiff's primary treating physician, Dr. Michael Arnold,

4

Case No. C 03-04890 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING CASE FOR FURTHER PROCEEDINGS.
(JFEX2)

repeatedly found the Plaintiff to be "totally temporarily disabled."[3] Administrative Transcript ("A.T.") 14-15, 165-168. The ALJ, however, cited Dr. Arnold's one-time opinion dated November 21, 2002 that Plaintiff could perform "light work," which was defined by Dr. Arnold as "work in a standing or walking position with a minimum of demands for physical effort and alternate standing, walking, and sitting as needed." A.T. 15, 161. Dr. Arnold did not provide a residual functional capacity assessment report specifying Plaintiff's ability to lift or carry certain weights, to stand or walk for certain hours, or to push and pull. Accordingly, it is unclear from Dr. Arnold's opinion whether Plaintiff could do light work as that term is defined under 20 C.F.R. § 404,1567(b).[4]

The ALJ's finding with respect to Plaintiff's capacity to perform light work is based mainly on the opinions of consulting physicians John Costouros and Robert Carson. The ALJ noted Dr. Costouros's functional assessment that Plaintiff has the ability to "lift up to 10 pounds frequently and 20 pounds occasionally, sit for 6 hours in an 8-hour workday . . . stand and walk for 6 hours in an 8-hour workday . . . and frequently bend, stoop, and crouch." A.T. 15, 17 147-148. The ALJ also noted that, although Dr. Carson found Plaintiff to have lost 50% of his pre-injury capacity for bending, lifting, and stooping, these findings were not inconsistent with an ability to perform light work. A.T. 15, 190.

Dr. Arnold's opinion of total temporary disability thus is in direct conflict with Dr. Costouros' opinion. The ALJ did not articulate specific and legitimate reasons for crediting the latter opinion over the former. Moreover, even assuming that Plaintiff does retain the residual functional capacity for light work, it is unclear what types of light work Plaintiff could do. The

---

[3] The ALJ discussed Dr. Arnold's opinion that Plaintiff was "totally temporarily disabled" due to a lower back strain, a herniated nucleus pulposus on August 31, 2001 and lumbago, and lumbar disc displacement on September 5, 2002, October 1, 2002, and October 31, 2002.

[4] Light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds [and] . . . a good deal of walking or standing . . . or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404,1567(b).

burden is on the Commissioner to prove that "other jobs existing in the national economy which [Plaintiff] could perform." *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). The testimony of a vocational expert is needed when there is no reliable evidence that claimant has the ability to perform specific jobs. *Id*. (citing *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985)). Defendant argues that the ALJ correctly applied medical-vocational rule ("grids") 202.16 in determining Plaintiff's ability to perform unskilled work and that such unambiguous and "substantial uniform levels of impairment" renders the use of vocational expert unnecessary. Reference to the grids, however, does not resolve the question of what types of work Plaintiff could do. Plaintiff not only is unskilled and unable to communicate in English, but also is unable to read or write and even stutters in his native language. He has had no formal education and has relevant work experience only as a strawberry picker. Thus, his education and work experience do not appear to share substantial uniform levels of impairments with the others as described in the grid; a vocational expert is necessary to determine the specific types of light jobs that Plaintiff could do in the local and national economy.

**B. Credibility of Plaintiff's Pain Testimony**

Plaintiff argues that there is no substantial evidence to support the ALJ's finding that Plaintiff's testimony concerning alleged disabling pain was not credible. "The ALJ must engage in a two-step analysis" (the "*Cotton* test") when deciding whether to admit a claimant's subjective symptom testimony. *Batson*, 359 F.3d at 1196 (2004) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986)). The first step requires the claimant to "produce objective medical evidence of underlying 'impairment,'" and to "show that the impairment, or a combination of impairments, 'could reasonably be expected to produce pain or other symptoms.'" *Id.* If the first part of the test is satisfied and if the ALJ's credibility analysis of the claimant's testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms only based on "specific findings stating clear and convincing reasons for doing so." *Id.* Here, Plaintiff

6

Case No. C 03-04890 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING CASE FOR FURTHER PROCEEDINGS.
(JFEX2)

produced objective medical evidence from both his treating and consulting physicians that he suffers from a "severe" back disorder. Such impairment reasonably could be expected to produce pain. He therefore satisfied the first part of the *Cotton* test. The ALJ thus must examine and analyze the credibility of Plaintiff's testimony pursuant to the second step of the *Cotton* test.

According to the ALJ, Plaintiff testified that he is able to drive his wife to and from work and to do laundry, housework, and grocery shopping. A.T. 16. The ALJ also considered Plaintiff's motive for filing for disability benefits, the absence of any reports of continuous side effects of medication, and Plaintiff's lumbar spine MRI scan dated August 20, 2001. A.T. 16, 159. Closer reading of the administrative transcript, however, reveals that Plaintiff suffers back pain while driving.[5] A.T. 32. It is not clear whether Plaintiff is able to do laundry, housework, or grocery shopping. He testified only that he helps out "with something that [his wife] asks [him] to do," such as cleaning a room. A.T. 34. Nor is it clear that Plaintiff is motivated to lie about the severity of his back pain because his insurance company does not compensate him.[6] *Id.* The result of MRI scan on August 20, 2001 does not suggest directly that Plaintiff is capable of performing a wide range of light work. A.T. 159. The record does not indicate that Plaintiff admitted to Dr. Costouros that he is "independent in all daily activity." A.T. 16, 147. In fact, Dr. Costouros noted that "Plaintiff was able to ambulate within the examination room, [but] . . . had difficulty with prolonged sitting as well as getting up from a sitting position." A.T. 147. Thus, the ALJ's proffered reasons for discrediting Plaintiff's pain testimony are not supported by the record.

**C. Whether the ALJ Was Required to Develop a Full and Accurate Record Because Plaintiff Was Not Represented.**

---

[5] ALJ: "Are you able to drive?"
 Plaintiff: "Yes, but it hurts my back. But what can I do?"

[6] Plaintiff: "I did this because the company or the insurance company – that they don't want to compensate me and they don't want to give me [inaudible] so I think that's fair for my family. Something – so that – to beat – stay together with the family."

7

Case No. C 03-04890 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING CASE FOR FURTHER PROCEEDINGS.
(JFEX2)

Plaintiff contends that the ALJ failed to explore and develop a full and accurate record of Plaintiff's pain, injury, limitations on daily living, and depression. Generally, the ALJ has an "independent duty to fully and fairly develop the record" and to assure that both the represented and unrepresented claimants' interests are considered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "When a claimant is unrepresented, the ALJ must "scrupulously and conscientiously" probe and explore all relevant facts. *Id.* (citing *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)). Further, the ALJ's duty to develop the record is heightened "if the claimant may be mentally ill and thus unable to protect her own interests." *Id.* The ALJ also has a duty to conduct an appropriate inquiry if the record is ambiguous or inadequate. *Smolen*, 80 F.3d at 1288.

Here, it is unclear whether Plaintiff "knowingly" and "intelligently" waived his right of representation.[7] A.T. 30. Even assuming the waiver was appropriate, the ALJ was aware of the findings of consulting physician Dr. Nicholas C. Alliotti that Plaintiff suffered from expressive language disorder, major depressive disorder, anhedonia, insominia, a low GAF assessment of 57, and a score of 26 on the Deck Depression Inventory (indication of moderate level of depression) and severe range of depression on the ZUNG SDS scale (a measure of feelings for the past week). A.T. 16, 192-194. Without inquiring whether these conditions could be the possible results of Plaintiff's back disorder or how they impact his daily activities, the ALJ simply concluded that there is no evidence that Plaintiff's impairments "continued to be so severe for a continuous period of 12 months." A.T. 16. Accordingly, the ALJ did not properly develop the record in determining Plaintiff's disability.

---

[7] "ALJ: If you want more time to get an attorney – I know you have an attorney in a Workers' Comp or PI case that doesn't do this.  If you want more time, I'll let you have more time."
  Plaintiff: "I think that whatever the Judge decides is fine."
  "ALJ: Okay.  I'll take that as a knowing and intelligent waiver of your right to representation."
  Plaintiff: "Yes, that's fine."

## IV. ORDER

Good cause therefore appearing, IT IS THEREBY ORDERED that

(1) Plaintiff's motion for summary judgment is DENIED;

(2) Defendant's cross-motion for summary judgment is DENIED; and

(3) The matter is hereby remanded for further consideration consistent with the order.

DATED: 3/21/06

JEREMY FOGEL
United States District Judge

9

Case No. C 03-04890 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING CASE FOR FURTHER PROCEEDINGS.
(JFEX2)

This Order has been served upon the following persons:

Luis Angel Alejo lalejo@crla.org,

John C. Cusker john.cusker@ssa.gov

Sara Winslow sara.winslow2@usdoj.gov, kathy.terry@usdoj.gov;claire.muller@usdoj.gov

---